UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:17cv55-FDW

| | |
|---|---|
| BILLY JOE WALTERS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| MIKE SLAGLE, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

**THIS MATTER** is before the Court on an initial review of Petitioner Billy Joe Walters' pro se Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. No. 1).

I.     **PROCEDURAL BACKGROUND**

Petitioner is a prisoner of the State of North Carolina who was convicted by a Burke County Superior Court jury of first-degree murder under the felony-murder rule, with common law robbery as the underlying offense. Common law robbery was presented to the jury as a lesser included offense of robbery with a dangerous weapon. The trial court sentenced Petitioner to life imprisonment without the possibility of parole. Judgment was entered on July 7, 1999. (Order Dismiss'g MAR 15, Doc. No. 1.)

On direct appeal, the North Carolina Court of Appeals found no error in Petitioner's trial or sentencing. State v. Walters, 550 S.E.2d 279 (N.C. Ct. App. 2001) (unpublished). The North Carolina Supreme Court denied his petition for discretionary review on October 3, 2002. State v. Walters, 571 S.E.2d 213 (N.C. 2002) (Mem).

Petitioner filed a Motion for Appropriate Relief ("MAR") in Burke County Superior Court on January 22, 2015. (Order Dismiss'g MAR 15.) It was denied on the merits on April

1

30, 2015. (Order Dismiss'g MAR 18.) His petition for writ of certiorari seeking review of the Order dismissing his MAR was denied by the North Carolina Court of Appeals on June 24, 2015. (Order Den. Cert. Pet. 41, Doc. No. 1.)

Petitioner filed the instant § 2254 habeas Petition on February 10, 2017 when he signed and placed it in the prison mail system. (Pet. 14, Doc. No. 1.) He raises the following claims: the armed robbery indictment was defective; the trial court erred in sentencing him based on a defective indictment; the trial court erred in denying his MAR; trial counsel was ineffective for failing to present available evidence that would have corroborated Petitioner's testimony; and appellate counsel was ineffective for refusing to raise the ineffective assistance of trial counsel claim on appeal.

## II. STANDARD OF REVIEW

The Court is guided by Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, which directs district courts to dismiss habeas petitions when it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief. Rule 4, 28 U.S.C.A. foll. § 2254. In conducting its review under Rule 4, the court "has the power to raise affirmative defenses sua sponte," including a statute of limitations defense under 28 U.S.C. § 2244(d). Hill v. Braxton, 277 F.3d 701, 706 (4th Cir. 2002). The court may dismiss a petition as untimely under Rule 4, however, only if it is clear that the petition is untimely, and the petitioner had notice of the statute of limitations and addressed the issue. Id. at 706–707.

## III. DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 provides a statute of limitations for § 2254 petitions by a person in custody pursuant to a state court judgment. 28 U.S.C. § 2244(d)(1). The petition must be filed within one year of "the date on which the

judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." § 2244(d)(1)(A).[1] The limitations period is tolled during the pendency of a properly filed state post-conviction action. § 2244(d)(2).

Petitioner's conviction became final on or about January 2, 2003, 90 days after the North Carolina Supreme Court denied his petition for discretionary review, and the time for Petitioner to file a petition for writ of certiorari in the United States Supreme Court expired.[2] Clay v. U.S., 537 U.S. 522, 527 (2003); Sup. Ct. R. 13.1 (setting 90-day time limit for filing a petition for writ of certiorari). The statute of limitations then ran for 365 until it fully expired on or about January 2, 2004. None of Petitioner's filings in the state courts after that date served to resurrect or restart the federal statute of limitations. See Minter v. Beck, 230 F.3d 663, 665–66 (4th Cir. 2000) (recognizing that state applications for collateral review cannot revive an already expired federal limitations period). Therefore, absent equitable tolling, the § 2254 Petition is untimely. See § 2244(d)(1)(A).

Equitable tolling of a habeas petition is available only when the petitioner demonstrates "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (internal quotation marks omitted). Under Fourth Circuit precedent, equitable tolling is appropriate in those "rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (en banc) (quoting

---

[1] There are three situations under which the statute of limitations begins to run at a later date, but none of those apply here. See 28 U.S.C. § 2244(d)(1)(B)-(D).

[2] Because January 1, 2004 was a national holiday, the 90 days ran until January 2, 2004.

3

Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000)) (internal quotation marks omitted).

Petitioner acknowledges that the instant Petition was not filed within a year of his conviction becoming final, but states that it has taken several years to obtain parts of his discovery and that he still has not been provided his complete file. (Pet. 13 ¶ 18.) Petitioner fails to articulate how these facts prevented him from filing a federal habeas Petition for more than 14 years. For example, he states that his appellate attorney refused his request to raise the ineffective assistance of trial counsel claim on direct appeal. (Pet. 10, Ground Four.) Additionally, he states that,

> On appeal it was shown as a fact that the jury unanimously wanted and tried to dismiss the robbery with a dangerous weapon and use larceny as a charge. But Judge Bridges prejudicely [sic] abused his discretion in refusing to let the jury have free choice in determining the outcome of my trial.

(Pet. 13 ¶ 18.) This statement is directly related to Petitioner's indictment claims. Petitioner does not indicate why he needed the discovery from trial or his complete file to raise these claims in a timely manner.[3]

In short, Petitioner has failed to demonstrate that he has been diligently pursing his rights in the state courts and that some extraordinary circumstance external to his own conduct prevented him from timely filing his federal habeas Petition. See Holland, 560 U.S. at 649; Rouse, 339 F.3d at 246. Accordingly, his Petition shall be dismissed.

**IT IS, THEREFORE, ORDERED** that:

1. The Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. No. 1) is **DISMISSED** as untimely; and

---

[3] Petitioner's claim that the trial court erred in denying his MAR is not cognizable on federal habeas review. See Bryant v. Maryland, 848 F.2d 492, 493 (4th Cir. 1988) ("[C]laims of error occurring in a state post-conviction proceeding cannot serve as a basis for federal habeas corpus relief.").

2. Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

**SO ORDERED.**

Signed: May 26, 2017

Frank D. Whitney
Chief United States District Judge